IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT TURNER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-0860-D |
| VS. § | |
| § | |
| AMERICAHOMEKEY INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the foreclosure of plaintiff's residential property, two of three defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted and under Rule 9(b) for failure to plead fraud with the required specificity. For the reasons that follow, the court grants the motion, it raises *sua sponte* that the third defendant is entitled to dismissal and dismisses the action against that defendant as well, and it grants plaintiff leave to replead.

I

This is a suit brought by *pro se* plaintiff Scott Turner ("Turner") against defendants AmericaHomeKey, Inc., ("AHK"), US Bank N.A. ("US Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS") arising from the foreclosure of Turner's residence.[1] In

---

[1]In deciding defendants' Rule 12(b)(6) motion, the court construes Turner's complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004). Because Turner is proceeding *pro se*, the court construes the allegations of his complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per

his state court complaint,[2] Turner alleges that AHK made an abusive and predatory home loan to him and later sold the loan to US Bank. He avers that US Bank and AHK have each represented to him that they possess an ownership interest in the note, and that AHK and US Bank have both "failed to provide a clear and conspicuous disclosure of all material terms related to [the loan]." Compl. 1 ¶ 1. He does not specify in his complaint when he took out the loan, the date of the foreclosure, or which defendant conducted the foreclosure. He alleges in only conclusory terms that "this action to foreclose the mortgage was done in the name of an entity created as part of the securitization process." *Id.* 3, ¶ 7. Turner asserts that he received no notice of the foreclosure, and that AHK and US Bank failed to inform him of his right of rescission or to notify him that US Bank had obtained an interest in the loan; that none of the defendants possesses the original note and that none is or was at any relevant time authorized to foreclose on his home; and that "the trustee who was acting as the agent of the principal failed to have written Authorization to act for the principal." *Id.* 2, ¶ 5. The last allegation, and the assertion that "MERS did not have standing as a 'Nominee' for a third party to possess subject property," *id.* 2, ¶ 6, can be liberally interpreted to assert that the party who foreclosed on his residence did not possess the note and was not authorized to conduct the foreclosure. Turner alleges that MERS permitted AHK and US Bank to avoid paying fees associated with multiple assignments of the property and to avoid attempts to

---

curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (per curiam).

[2]Although in Texas the functional equivalent of a complaint is a "petition," Turner styled this pleading as a "complaint."

remedy their lending practices. He also avers that AHK and US Bank falsely recorded MERS as the beneficiary of their deeds of trust to create a false chain of title. Turner does not assert any claims specifically against MERS, but he includes MERS in claims that he asserts against all defendants jointly.

Turner alleges statutory claims under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006), and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (West 2002 & Supp. 2010), and he asserts claims for common law fraud, declaratory judgment, and injunctive relief.

After defendants removed this case based on diversity of citizenship, US Bank and MERS filed the instant motion to dismiss pursuant to Rules 12(b)(6) and 9(b).[3] They contend that Turner has failed to state a plausible claim for relief because he alleges only legal conclusions and his complaint lacks sufficient factual support to show that he is entitled to relief. Defendants also maintain that Turner has not alleged sufficiently particular facts to state a claim for fraud because his complaint does not identify the actors and timing, among other facts, involved in the allegedly improper foreclosure of his home.

Turner advances essentially two arguments in his response brief. First, he contends that MERS lacks standing to move to dismiss because it did not originate his loan, has no

---

[3] They move in the alternative for a more definite statement pursuant to Rule 12(e). The court need not reach the alternative motion.

interest in the note securing his loan, and otherwise has no financial interest in the loan. Turner argues that this contention creates a factual dispute not properly decided on a motion to dismiss. And, second, Turner contends that his complaint need not detail specific facts because motions to dismiss are disfavored and impose on the movant the burden of showing that the complaint fails to state a claim for relief.

II

A

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise the right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more

than "'labels and conclusions.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555).[4]

B

Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003). "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992)). In other words, the claimant must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir. 2005) (citations omitted). Rule 9(b) is not intended, however, "to procure punctilious pleading detail." *Steiner v. Southmark Corp.,* 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.). Rule 9(b) must be "'read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO,* 892 F.2d 1238, 1264 (5th Cir. 1990) (internal quotation

---

[4]The court evaluates the TDCPA claim under the Rule 8 standard rather than under the Rule 9(b) standard that applies to a fraud claim. *See, e.g., Biggers v. BAC Home Loans Serv., LP,* 767 F.Supp.2d 725, 728 n. 2 (N.D. Tex. 2011) (Fitzwater, C.J.) (citing *Prophet v. Myers,* 645 F.Supp.2d 614, 617 (S.D. Tex. 2008) (noting that claims under the federal equivalent of the TDCPA are evaluated under Rule 8 and that TDCPA claims should be as well)).

marks omitted)). Thus it must be viewed in light of Rule 8(a)'s goal of "simple, concise, and direct" pleadings. *Singh v. Bajwa,* 2008 WL 3850545, at *5 (N.D. Tex. Aug. 19, 2008) (Fitzwater, C.J.) (internal quotation marks and citations omitted). "The court's key concern in assessing a complaint under Rule 9(b) is whether the plaintiff seeks redress of specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.,* 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (internal quotation marks and citations omitted). "The complaint must be sufficiently particular to show that the plaintiff is not seeking a license to go fishing for indicia of fraud." *Id.* (internal quotation marks and citations omitted).

III

The court considers first whether Turner has stated a claim under TILA on which relief can be granted.

TILA is a federal consumer protection statute that provides a cause of action against creditors who fail to make required disclosures. *See* 15 U.S.C. § 1601 *et seq.*; *see also Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559-60 (1980) (citing 15 U.S.C. § 1601). Creditors who fail to comply with the disclosure or other requirements of TILA may be liable to borrowers for damages or can be obligated to rescind the loan transaction. *See* 15 U.S.C. §§ 1635(a)-(b), 1640. [5]

---

[5] A plaintiff alleging violations of TILA must bring a claim for damages within one year of the alleged violations. *See* 15 U.S.C. § 1635(f); *Bagwell v. Countrywide Home Loans Serv., LP,* 2011 WL 1120261, at * 3 (N.D. Tex. Mar. 24, 2011) (Solis, J.) (noting one-year limitations period for damages claims). A plaintiff must bring claim for rescission within

Turner alleges in count one that "the mortgage documents were not given by defendant Americahomekey, Inc, after settlement had taken place and after plaintiff had purported to sign the documents." Compl. 4-5, ¶ 18. He asserts in count two that AHK and US Bank did not meet the disclosure requirements of 15 U.S.C. § 1635[6] by failing to provide notice within 30 days of transferring his mortgage. He avers in count three that "the required disclosure statements are completely missing under 15 U.S.C. § 1638(a)(2)(B)(a)(9), (a)(11) and (a)(12) and Regulation Z, part 226.11,[7] et seq." *Id.* 6, ¶ 26. Turner contends that these shortcomings caused the foreclosure of his home mortgage.

The court assumes the truth of Turner's allegations that AHK failed to provide disclosure statements required under various subsections of 15 U.S.C. § 1638 and Regulation Z, and that AHK and US Bank failed to notify him within 30 days of the transfer that his loan had been sold. Although the court accepts as true the well-pleaded facts in his complaint, the legal conclusions he alleges are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct.

---

three years. *See* 15 U.S.C. § 1635(f); *Kareem v. Am. Home Mortg. Serv., Inc.,* 2011 WL 1869419, at *1 (N.D. Tex. Apr. 12, 2011) (Kaplan, J.) (noting three-year limitations period for rescission).

[6]The court interprets Turner's allegation that he did not receive 30 days' notice as required by § 1635 to be an allegation that he did not receive 30 days' notice as required by § 1641(g)(1), which requires the new owner of a mortgage loan to notify the borrower of the transfer within 30 days.

[7]The court understands this allegation to be a claim that defendants did not provide various disclosure statements required by Regulation Z, 12 C.F.R. § 226 (2011), implementing TILA. Section 226.11 specifically addresses credit balances and account termination, and the court cannot discern from the complaint that Turner avers that defendants failed to disclose various documents or what claim he alleges based on this section. *See* 12 C.F.R. § 226.11.

at 1950. Turner has not alleged sufficient facts to state a claim for damages; he has only alleged in a summary manner that defendants' failure to disclose various documents caused the foreclosure of his home mortgage.

Turner has not stated a claim for damages resulting from violations of §§ 1638 and 1641(g)(1) because he has not alleged facts that plausibly show that defendants' failure to provide required documents or to disclose the sale of his mortgage within 30 days caused the foreclosure of his home loan. A creditor who fails to comply with a requirement imposed under §§ 1638 and 1641(g)(1) faces liability for "any *actual damage* sustained . . . as a result of the failure." *See* 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added); *see e.g. Borowiec v. Deutsche Bank Nat'l Trust Co.,* 2011 WL 2940489, at *3 (D. Haw. July 19, 2011) (holding that TILA claim was not stated where plaintiff did not adequately show that damages resulted from lender's failure to provide notice of assignment under § 1641(g)(1)); *Beall v. Quality Loan Serv. Corp.,* 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011) (same). Turner has not alleged how defendants' failure to disclose documents caused or related to his performance of his obligations under the mortgage or the ultimate loan foreclosure. Of course, even if a plaintiff has not adequately pleaded actual damages, statutory damages remain available in "twice the amount of any finance charge in connection with the transaction[.]" *See* 15 U.S.C. § 1640(a)(2)(A); *see also Stephenson v. Chase Home Fin. LLC,* 2011 WL 2006117, at *3-4 (S.D. Cal. May 23, 2011) (noting that failure to allege actual damages is insufficient ground for dismissal because statutory damages are available, if adequately pleaded); *Sterling v. Farran & Ezedine, LLC,* 2011 WL 219697, at *6 (D.

Conn. Jan. 20, 2011) (same). But Turner has not alleged that he suffered damages as a result of finance charges associated with his loan. The court is not required, as Turner contends, to assume the truth of the asserted legal conclusion that defendants' failure to disclose documents caused the foreclosure of his home. And he has not stated a claim for relief for violations of §§ 1638 and 1641(g)(1) because he has not alleged facts supporting this conclusion. Assuming *arguendo* that Turner also intends to bring a rescission claim under § 1635[8], he cannot do so because TILA expressly provides that the right of rescission does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635(e)(1) ("This section does not apply to a residential mortgage transaction[.]"); *see also Harris v. First Franklin Fin. Corp.,* 2010 WL 4226449, at *4 (S.D. Tex. Oct. 20, 2010). Thus Turner has not pleaded a plausible claim for relief under TILA.

IV

The court turns next to Turner's RESPA claim. Turner's only allegations with respect to RESPA are that "Jurisdiction arises under . . . RESPA 12 USC 2601, et seq.," Compl. 3, ¶ 12, and that "Plaintiff brings this action to secure . . . relief for violations of the Real Estate Settlement Procedures ACT ("RESPA"), 12 USC 2601, et seq." *Id.* 1 ¶ 1. To the extent that Turner intends to assert a claim under RESPA, he has not pleaded a plausible claim.

---

[8]Turner alleges that "the right to rescind or cancel settlement document was unsigned by both parties, was not disclosed or given, as required by Title 12 Code of Federal Regulation, Section 226.18 et seq. As a proximate result of the foregoing, the plaintiff has the right to rescind the entire transaction." Compl. 12, ¶ 42. 12 C.F.R. § 226.18 does not provide a right of rescission, and, as discussed, to the extent rescission is available to remedy a TILA violation, it does not apply to a home mortgage transaction.

V

Turner also seeks relief under the TDCPA. He alleges that US Bank violated Tex. Fin. Code Ann. § 392.202(4) by making repeated or continuous telephone calls with the intent to harass him; that US Bank collected or attempted to collect interest or other fees without express authorization, in violation of § 392.303; that US Bank misrepresented the character, extent, or amount of his debt, in violation of § 392.304(8); and that US Bank used other false representations or deceptive means to collect his debt, in violation of § 392.304(19).

Turner has not pleaded sufficient facts to state a plausible TDCPA claim. He asserts that US Bank made repeated telephone calls with the intent to harass him, but he has not pleaded facts to support this assertion. Turner has not alleged what fees other than his mortgage payments US Bank attempted to collect, or what other illegal means it used to attempt to collect his debt. Nor has he pleaded in what way US Bank misrepresented the character, extent, or amount of his debt, or what other false representations or deceptive means it used to collect his debt. Moreover, under Tex. Fin. Code Ann. § 392.403(a), "[a] person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Turner has not alleged prospective violations of the DTPA, or the need to restrain defendants from current violations. Nor do his allegations support an inference that any of US Bank's alleged TDCPA violations caused him to default on his home loan or caused US Bank to foreclose on his mortgage. Turner has not stated a plausible TDCPA claim.

VI

Turner also sues under the DTPA, alleging that defendants violated Tex. Bus. & Com. Code § 17.46(a) and § 17.46(b)(5), (7), (12), and (24) by misrepresenting the ownership of his mortgage and the chain of title in his property.

Under Tex. Fin. Code Ann. § 392.404(a), "[a] violation of [the TDCPA] is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code [i.e., the DTPA], and is actionable under that subchapter." Because Turner has not pleaded a plausible claim under the TDCPA, he cannot plead a plausible claim under the DTPA. *Cf. Biggers v. BAC Home Loans Serv., LP,* 767 F.Supp.2d 725, 733 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that DTPA claim turned on plausibility of TDCPA claim and considering DTPA claim only after concluding plaintiffs had pleaded plausible TDCPA claim).[9]

---

[9]Assuming *arguendo* that Turner had pleaded a plausible TDCPA claim and can, in turn, bring a DTPA claim, he has not pleaded a plausible DTPA claim. To plead a plausible DTPA claim, Turner must allege that (1) he is a "consumer" under the statute, (2) defendants committed a "deceptive trade practice," and (3) this act was a producing cause of economic damages or damages for mental anguish. *Biggers*, 767 F.Supp.2d at 733 (quoting Tex. Bus. & Comm. Code Ann. § 17.50 (West 2010)); *see also Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 478 (Tex. 1995) (noting that DTPA plaintiff must prove that "false, misleading, or deceptive acts . . . constituted a producing cause of [his] damages."). Turner has not pleaded that he is a "consumer" under the DTPA; he has not alleged any facts to support his assertions that defendants misrepresented the ownership of his mortgage or the chain of title to his home; and he has failed to allege any facts that allow the court to infer that defendants' "deceptive trade practices" were a producing cause of the foreclosure.

VII

Turner also asserts a claim for "Deceptive Lending Practices." He alleges that

> defendants[] by and through their agents, without lawful authority proceeded with threats to foreclose, sale and eviction, despite the fact that the defendants[] were in default of [their] obligations under applicable state and federal law and were not real parties in interest to proceed but have intentionally and fraudulently filed papers and posted notices as though authority was present.

Compl. 11, ¶ 38. The court cannot discern what claim Turner is attempting to assert, much less that it is plausible. This claim is also dismissed.[10]

VIII

The court next considers Turner's state-law fraud claim.

Under Texas law, to prove fraud, Turner must establish that defendants "(1) made a material representation, (2) that was false when made, (3) [they] knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) [they] made the representation with the intent that [Turner] should act upon it, and (5)

---

[10]To the extent Turner is attempting to allege a cause of action under Tex. Fin. Code Ann. § 392.301(a)(8) (prohibiting threats of illegal foreclosure during debt collection attempts), he has not plausibly pleaded facts to support the claim. Section 392.301(a)(8) prohibits a debt collector from using "threats, coercion, or attempts to coerce that employ" practices including "threat[s] to take an action prohibited by law." Turner has not alleged facts that enable the court to infer that foreclosure by any defendant was prohibited by law, because he has not alleged facts allowing the court to infer that an assignment actually occurred, or when an assignment occurred, transferring the right to foreclose. *See, e.g., Biggers,* 767 F.Supp.2d at 732 (explaining that pleading was insufficient to state claim for improper threat of foreclosure because court could not conclude that assignment had in fact occurred, depriving servicer of right to foreclose).

[Turner] acted in reliance upon it and suffered injury as a result." *Jacobs v. Tapscott*, 2006 WL 2728827, at *3 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008). Turner alleges only that "defendants' were engaged in an illegal scheme" to receive kickbacks from loans securing real property, that US Bank and AHK each represented to him that it owned the note securing his mortgage, and that each issued a notice of default and foreclosed on his mortgage. The court assumes that Turner is pointing to US Bank and AHK's representations of ownership as the alleged misrepresentation supporting his claim for fraud. Turner does not specify that defendants made this representation with the intent to induce his reliance, that they actually induced his reliance thereby, or that they caused his injury. Nor has Turner pleaded "when" or "how" these representations were made or what reliance they induced. *See Benchmark Elecs.,* 343 F.3d at 724. Although Turner alleges that "at the time defendants' and each of them made foregoing false representations to plaintiff that they knew were untrue," Compl. 8, ¶ 33, he does not plead that either US Bank or AHK knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion. Accordingly, he has not satisfied the pleading requirements of Rule 9(b).

IX

Turner also seeks a declaratory judgment and an injunction.[11]

> The federal Declaratory Judgment Act does not create a substantive cause of action. A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. Federal courts have broad discretion to grant or refuse declaratory judgment. Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. The DJA is an authorization, not a command. It gives federal courts the competence to declare rights, but it does not impose a duty to do so.

*Metropcs Wireless, Inc. v. Virgin Mobile USA, LP*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). Because Turner has not pleaded a plausible substantive claim, the court declines in its discretion to entertain his request for a declaratory judgment.

To establish a right to the remedy of injunctive relief, Turner is required, *inter alia*, to show "a substantial likelihood of success on the merits." *DSC Comm. Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996). Because Turner has failed to allege sufficient facts to support his claims, he has not pleaded plausible grounds for obtaining injunctive relief.

---

[11]Although Turner filed this lawsuit in Texas state court, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr.30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n. 5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

X

AHK did not join the motion to dismiss filed by US Bank and MERS.  The court raises *sua sponte* that Turner's action against AHK should also be dismissed, and it dismisses his action against AHK as well.  Although AHK has not sought dismissal on this basis, this court has the authority to consider the sufficiency of a complaint and "dismiss an action on its own motion 'as long as the procedure employed is fair.'"  *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006) (per curiam) (quoting *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)); *see also Coates v. Heartland Wireless Commnc'ns, Inc.,* 55 F.Supp.2d 628, 633 (N.D. Tex. 1999) (Fitzwater, J.).  Because the court is granting Turner leave to correct the defects in his pleading by amendment, the procedure employed here is fair.  In addition to dismissing Turner's actions against US Bank and MERS, the court dismisses his action against AHK.

XI

Because Turner is proceeding *pro se*, the court will grant him leave to replead.  *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb.13, 2008) (Fitzwater, C.J.) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.)).

\* \* \*

Accordingly, the court grants defendants US Bank and MERS' May 2, 2011 motion to dismiss, and it raises *sua sponte* that Turner's action against AHK should also be dismissed and dismisses Turner's action against AHK. The court grants Turner leave to file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

August 16, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE