IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT TURNER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-0860-D |
| VS. § | |
| § | |
| AMERICAHOMEKEY, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the foreclosure of plaintiff's residential property, plaintiff has filed an amended complaint, as permitted by the court's prior memorandum opinion and order. In this pleading, he narrows his lawsuit to a single action to quiet title to real property. Two defendants move anew to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. The other defendant moves to dismiss under Rules 12(b)(6) and 9(b) and, alternatively, for a more definite statement under Rule 12(e). For the reasons that follow, the court grants the motions to dismiss under Rule 12(b)(6) and dismisses this suit with prejudice.

I

This is a suit brought by *pro se* plaintiff Scott Turner ("Turner") against defendants AmericaHomeKey, Inc. ("AHK"), U.S. Bank, N.A. ("U.S. Bank"), and Mortgage Electronic

Registration Systems, Inc. ("MERS") arising from the foreclosure of Turner's residence.[1] In its prior memorandum opinion and order, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) ("*Turner I*"), the court granted the motion to dismiss filed by U.S. Bank and MERS and raised *sua sponte* that AHK was also entitled to dismissal. *Id.* at *6. The court also granted Turner leave to file an amended complaint. *Id.*

In his amended complaint, Turner has narrowed his claims to a single cause of action to quiet title to real property. He alleges that, to foreclose on his residence, U.S. Bank and MERS were required to provide proof that they were the owner and holder of the promissory note ("Note") that he executed; that a broken chain of title invalidates the claim on the Note; and that if defendants cannot produce the original Note and produce a valid chain of custody in the form of a valid assignment back to the holder of the Note, the court lacks jurisdiction over the case. Turner asserts that U.S. Bank and MERS cannot comply with this requirement because, after he obtained a loan from AHK, AHK securitized the mortgage, and the Note was transferred to MERS; and that MERS scanned the Note and created an "eNote," after which an unknown number of transfers, sales, exchanges, etcetera took place. Turner also

---

[1] In deciding defendants' Rule 12(b)(6) motions, the court construes Turner's amended complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Because Turner is proceeding *pro se*, the court construes the allegations of his amended complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

alleges that, when the original Note was turned over to MERS and MERS scanned it and shredded the original Note to create an "eNote," the underlying debt was cancelled; that the deed of trust under which defendants or the lenders assert an interest in the property interferes with his title, and, although it appears valid on its face, it has no force or effect; he was and is at all times the owner and/or entitled to possession of the property; and although defendants claim an interest in the property that is adverse to his, their claims are without any right and they have no legal or equitable interest right or claim in the property. On these grounds, Turner seeks a declaratory judgment that U.S. Bank and MERS did not own the promissory note and therefore lacked any right to foreclose on his residence; defendants' lien on his residence was invalid; that the foreclosure proceedings were invalid and that "the Court lacked subject-matter jurisdiction over the case"[2] because defendants destroyed and/or failed to produce the original note and did not produce a valid chain of title custody; and that he is the rightful owner of the title of the property and that defendants have no estate, title, interest, or standing in the property. Turner seeks an order compelling U.S. Bank to transfer legal title and possession of his residence to him and a judgment enjoining defendants from claiming any estate, title, interest, or standing in the property.

U.S. Bank and MERS jointly move to dismiss under Rule 12(b)(6). They contend that Turner's amended complaint again fails to plead facts supporting his conclusory allegations

---

[2]Turner does not identify "the Court" in his amended complaint. If he is referring to this court, he appears to be asking a court that he contends lacks subject matter jurisdiction to grant him relief against defendants, which the court cannot do, of course, if it lacks subject matter jurisdiction.

and fails to state a plausible claim for relief.  Turner opposes their motion.  AHK separately moves to dismiss under Rules 9(b) and 12(b)(6), or, alternatively, for a more definite statement under Rule 12(e).  AHK also joins the motion filed by U.S. Bank and MERS.  Turner has not responded to AHK's motion.

II

In *Turner I* the court set out the standard for addressing a motion to dismiss under Rule 12(b)(6).  *Turner I*, 2011 WL 3606688, at *2.  The court applies this standard in deciding the instant motions to dismiss.

Turner's amended complaint is largely a series of conclusory assertions.  And to the extent his pleading is not conclusory, he has failed to state a plausible claim to quiet title.  "A suit to quiet title is an equitable action."  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.) (citing *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1978, writ ref'd n.r.e.)).  "[T]he purpose of a traditional suit to quiet title is to remove a cloud from the title created by an invalid claim."  *Teon Mgmt., LLC v. Turquoise Bay Corp.*, ___ S.W.3d ___, 2011 WL 5089797, at *5 (Tex. App. Oct. 27, 2011, no pet.) (citing *Wright v. E.P. Operating Ltd. P'ship*, 978 S.W.2d 684 (Tex. App. 1998, pet. denied)).  "Generally, a plaintiff in a suit to quiet title must 'prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.'"  *XTO Energy Inc. v. Nikolai*, ___ S.W.3d ___, 2011 WL 4345201, at *8 n.13 (Tex. App. Aug. 30, 2011, pet. filed) (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. 2009, no pet.)).  "A

plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks*, 45 S.W.3d at 327 (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App. 1984, writ ref'd n.r.e)). Turner has not stated a facially plausible claim because he has not pleaded sufficient facts about the strength of his own title to allow the court to draw the reasonable inference that he has a right of ownership and that the adverse claims of the defendants are clouds on the title. Instead, he essentially attempts by his amended complaint to shift to the defendants the obligation to demonstrate why the foreclosure of his residence was lawful.

Additionally, defendants have demonstrated, as a matter of law, that it is unnecessary to produce the Note to foreclose on Turner's residence. And U.S. Bank and MERS have attached to their motion copies of the Note and Deed of Trust that Turner and his wife executed.[3] These documents establish that AHK transferred the Note to U.S. Bank, which was the owner and holder of the Note, and that the Deed of Trust was assigned to U.S. Bank, who had the right to enforce its terms and foreclose on Turner's residence.

In his opposition to the motion filed by U.S. Bank and MERS, Turner's principal analytical mistake is in essentially viewing this lawsuit as one brought *by defendants* to recover on the Note rather than one filed *by Turner* to quiet title. In other words, he appears

---

[3]U.S. Bank and MERS request that the court take judicial notice of the Note and Deed of Trust. The court can consider both documents without taking judicial notice of them because they are attached to defendants' motion, are referred to in Turner's amended complaint, and are central to his claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

to believe it is sufficient to assert that defendants have failed to prove their right to foreclose rather than to plead facts that, viewed favorably and liberally to him, state a plausible claim based on the strength of his own title.

* * *

The September 29, 2011 second motion to dismiss of defendants U.S. Bank and MERS, and the November 9, 2011 motion to dismiss, or, alternatively, for more definite statement of defendant AHK are granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 24, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE